

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-17-2009

# Hardcastle v. Horn

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-9007

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Hardcastle v. Horn" (2009). *2009 Decisions.* Paper 1176.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1176

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-9007

DONALD HARDCASTLE,

v.

COMMISSIONER MARTIN HORN, PENNSYLVANIA DEPARTMENT
OF CORRECTIONS; GEORGE R. WHITE, SUPERINTENDENT OF
THE STATE CORRECTIONAL INSTITUTION AT PITTSBURGH;
JOSEPH MAZURKIEWICZ, SUPERINTENDENT OF THE STATE
CORRECTIONAL INSTITUTION AT ROCKVIEW

Appellants.

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 98-cv-03028)
District Judge: Honorable John R. Padova

Argued on February 25, 2009

Before: FISHER, JORDAN and ROTH, <u>Circuit Judges</u>

(Opinion filed June 17, 2009)

Robert B. Dunham, Esquire (ARGUED)
Michael Wiseman, Esquire
Defender Association of Philadelphia
Federal Capital Habeas Corpus Unit
Independence Square West
Philadelphia, PA   19106-0000

Counsel for Appellee

Thomas W. Dolgenos, Esquire (ARGUED)
Chief, Federal Litigation
Ronald Eisenberg, Esquire
Deputy District Attorney
Law Division
Arnold H. Gordon, Esquire
First Assistant District Attorney
Lynne Abraham, Esquire
District Attorney
Three South Penn Square
Philadelphia, PA   19107-3499

   Counsel for Appellants

---

O P I N I O N

---

**ROTH**, Circuit Judge:

Donald Hardcastle seeks *habeas corpus* relief to vacate his conviction and sentence for first degree murder, arson, and burglary.  In a thoughtful opinion, the Honorable John R. Padova of the Eastern District of Pennsylvania carefully analyzed Hardcastle's claims and ultimately granted the relief sought, finding that six of the prosecutor's peremptory strikes violated the Equal Protection Clause of the Fourteenth Amendment under the principles of *Batson v. Kentucky*, 476 U.S. 79 (1986).  These findings are subject to clearly erroneous review.  Because the findings are adequately supported by the record, we will affirm.

A *Batson* analysis involves three steps: (1) a criminal defendant must make a *prima facie* showing that a peremptory challenge has been exercised on the basis of race; (2) assuming a *prima facie* showing, the burden shifts to the prosecution to offer a race-neutral basis for striking the particular juror at issue; (3) the Court must determine, putting the ultimate burden of persuasion on the petitioner, whether there has been purposeful discrimination. *Snyder v. Louisiana*, 128 S. Ct. 1203, 1207 (2008). A defendant need only show that it is more likely than not that one of the prosecutor's peremptory strikes was racially motivated. *Wilson v. Beard*, 426 F.3d 653, 670 (3d Cir. 2005).

On a prior appeal, this Court determined that Hardcastle had made a *prima facie* showing under step 1; however, because the Commonwealth requested an opportunity to present evidence in defense of the challenged peremptory strikes, we vacated the District Court's original grant of *habeas corpus* relief and remanded the case for an evidentiary hearing. *See Hardcastle v. Horn*, 368 F.3d 246, 255 (3d Cir. 2004). We further observed, "The Commonwealth's prior observations of the difficulties it will have in recalling the reasons for its peremptory strikes should not now preclude it from making that effort when it has requested the opportunity to do so." *Id.*

Notwithstanding its prior request, the Commonwealth now complains that the lapse of time since Hardcastle's trial made it impossible for the District Court to assess the prosecutor's credibility and that the court's factual findings are thus entitled to less

3

deference. We reject this contention. Factual findings of purposeful racial discrimination cannot be upset unless they are clearly erroneous; we have never recognized an exception for old cases. *See Wilson*, 426 F.3d at 668–69 (where twenty years had elapsed between *voir dire* and *Batson* hearing, not clearly erroneous to rely on prosecutor's philosophy of juror strikes, as recorded on contemporaneous video, or on jury comparisons to find intentional discrimination).

The District Court, following the remand instructions, conducted a thorough analysis and made factual findings, including credibility determinations. In asserting that the District Court "simply measured [the prosecutor's] interpretation of the record against Hardcastle's statistical and comparative analysis," the Commonwealth discounts the credibility determinations that are implicit (1) in accepting the prosecutor's statement that she did not remember the reasons for the strikes and (2), in light of the earlier instances of the prosecutor's reliance on pre-*Batson* law, in not accepting her contention that she did not ever believe that race could be an appropriate consideration in striking jurors.

With respect to the District Court's ultimate factual findings of intentional discrimination by the prosecution in striking six of the jurors, we cannot say that they are clearly erroneous:

First, twelve of the prosecutor's fourteen peremptory strikes were African-Americans. While this fact alone might not support an inference of discrimination, it does lend support to the District Court's findings.

4

Second, during Hardcastle's initial appeals, the prosecutor cited pre-*Batson* law—specifically, *Commonwealth v. Henderson*, 438 A.2d 951 (Pa. 1981)—for the following propositions: (1) "the race, creed, national origin, sex or other similar characteristics of a venireman may be proper considerations in exercising peremptory challenges when issues relevant to these qualities are present in the case"; and (2) the exercise of peremptory strikes results in unconstitutional discrimination only when it is systematic, "with the result that no Negroes ever serve on petit juries." *See id.* at 953, 956 (citing *Swain v. Alabama*, 380 U.S. 202 (1965)). We do not fault the prosecutor for citing binding precedent during the period before *Batson* was decided. When, however, the District Court considered these citations along with her race-consciousness, as evidenced by the way in which she tracked the races of the venire members,[1] it was not clearly erroneous for the court to conclude that she was motivated by race in exercising her peremptory strikes.

Third, the District Court's juror comparisons support its finding that race was the defining characteristic for striking six of the jurors – when it was sufficient to meet the *Batson* test for the court to find no more than one juror had been struck on the basis of race. *See Wilson*, 426 F.3d at 670. The Commonwealth argues that the categorical jury comparisons made by the District Court are not probative in such a small sample because

_____

[1] The prosecutor coded the race of the sole black juror on the panel, as well as the race of each of the venire persons struck by the defense. She did not, however, note the race of the black venire members she struck.

no two jurors are exactly alike.  For example, while the prosecutor may have struck one juror because she had children close to Hardcastle's age, another juror with children Hardcastle's age may not have been struck because she appeared to be prosecution-friendly.  While we agree that comparing jurors based on broad categories is not ideal, the Commonwealth offers no alternative where, as here, memories of the specifics have faded.  Thus, under the circumstances of this case, we conclude that it was not legal error for the District Court to rely on such comparisons and that they support the court's findings.

Accordingly, we will affirm the order of the District Court, granting the petition.